In re William T. PATTERSON and Florence C. Patterson, Debtors.

Harold W. JOHNSON and Rosetta S. Johnson, Plaintiffs,

v.

Gregory K. CREWS, Trustee, Defendant, Third Party Plaintiff,

v.

Rosetta S. JOHNSON, a/k/a Rosette S. Johnson, Third Party Defendant.

Bankruptcy No. 89–257–BKC–3P7.
Adv. No. 90–210.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Aug. 13, 1992.

Harold W. Johnson and Rosetta S. Johnson, plaintiffs pro se.

Gregory K. Crews, trustee defendant pro se.

William T. Patterson and Florence C. Patterson, debtors pro se.

## FINDINGS OF FACT AND
## CONCLUSIONS OF
## LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding came before the Court for a trial on April 21, 1992. Upon the evidence presented, the Court enters the following Findings of Fact and Conclusions of Law:

### Findings of Fact

In June of 1987, the debtors sold real property to the plaintiffs and executed a second mortgage which reads as follows:

THIS INDENTURE, MADE THIS 5TH DAY OF JUNE, A.D.1987 BETWEEN WILLIAM T. PATTERSON AND WIFE, FLORENCE C. OF THE COUNTY DUVAL, STATE OF FLORIDA, CALLED THE MORTGAGOR AND HAROLD W. JOHNSON AND WIFE ROSETTE S. OF THE COUNTY OF DUVAL, STATE OF FLORIDA, CALLED MORTGAGEE. THIS AGREEMENT CONSTITUTES A SECOND MORTGAGE. WITNESSETH, THAT THE SAID MORTGAGEES BEING INDEBTED TO THE MORTGAGORS IN THE SUM OF $6,800.00 (SIX THOUSAND EIGHT HUNDRED DOLLARS). GRANTED, BARGAINED AND SOLD TO THE SAID MORTGAGEES AND THEIR HEIRS AND ASSIGNED FOREVER, THE FOLLOWING DESCRIBED LAND SITUATE IN THE COUNTY OF DUVAL STATE OF FLORIDA, TO WIT:

LOTS 41 & 42 BLOCK 41, RIO VISTA, ACCORDING TO PLAT THEREOF RECORDED IN PLAT BOOK 10, PAGES 22, 23, 24, 25, 0

AND THE SAID MORTGAGORS DO WHERBY [sic] FULLY WARRANT THE TITLE TO SAID LAND, AND WILL DEFEND THE SAME AGAINST THE LAWFUL CLAIMS OF ALL PERSONS WHOMSOEVER. THE MORTGAGEES AGREE TO PAY: ALL CLOSING COST.

7% (SEVEN PER CENT) INTEREST ON NOTE ALL FEES NECESSARY TO EXECUTE NOTE

The instrument, according to its face, was prepared by the debtors and was executed by both the debtors, as well as Harold W. Johnson and Rosetta S. Johnson. The document was also acknowledged before a notary public and recorded in the public records of Duval County, Florida, at Volume 6356, Pages 1773 and 1774, on June 30, 1987.

Debtors filed a petition for relief under chapter 7 of the Bankruptcy Code on January 30, 1989. Defendant, Gregory K. Crews, was appointed the chapter 7 trustee.

On March 28, 1989, defendant sent a letter to plaintiff, Harold W. Johnson, stating that he was the trustee in the debtors' bankruptcy case. The letter also informed this plaintiff that since the future payments due under the second mortgage were a bankruptcy estate asset, the payments should be made to him as trustee.

On March 31, 1989, plaintiff Harold W. Johnson sent defendant a letter, stating in part, "Enclosed is payment on a second mortgage owed to William Patterson."

Again on April 14, 1989, plaintiff Harold W. Johnson wrote defendant, stating "Enclosed please find payment on the second mortgage owed to William T. Patterson."

From the date of the bankruptcy filing through February 8, 1990, plaintiffs paid to defendant $600.00 on the second mortgage. With some of the payments, plaintiff Harold W. Johnson included "memorandums" which stated what he believed the balance to be before and after the payment; however, the balances did not take into account the interest due under the second mortgage.

The last memorandum defendant received was dated October 13, 1989, and stated the balance after the payment to be $5,414.00. Subsequent to the memorandum, defendant received payments from plaintiffs totaling $175.00.

Defendant scheduled a public auction of the second mortgage for July 28, 1989, and plaintiffs filed an objection to the sale on July 14, 1989. The objection was withdrawn on August 16, 1989.

Defendant rescheduled the sale for November 9, 1989, and on November 3, 1989, plaintiff Harold W. Johnson filed another objection. A hearing on the objection was held on February 7, 1990, and the Court entered an order overruling the objection on February 12, 1990.

Plaintiff Harold W. Johnson subsequently filed a lawsuit against defendant in the state Circuit Court asking for refund of the monies he had paid to defendant, claiming that the second mortgage was invalid.

Pursuant to Federal Rule of Bankruptcy Procedure 9027, defendant filed an application for removal of the proceeding to the Bankruptcy Court on August 28, 1990.

Plaintiff Harold W. Johnson then sought to have the removed proceeding remanded. On October 24, 1990, this Court entered a Report and Recommendation for Disposition of Motion to Remand to the United States District Court recommending that the motion be denied.

Plaintiff Harold W. Johnson filed an objection to the Report and Recommendation. On March 13, 1991, the United States District Judge entered an order overruling the objection and adopting this Court's Report and Recommendation.

Subsequently, defendant filed an answer denying the allegations of the complaint, a three count counterclaim asking for reformation, mortgage foreclosure, and a money judgment, and a third party complaint against Rosetta S. Johnson who was not yet a party to the proceeding.

On October 22, 1991, this Court entered an Order Granting Permissive Joinder of Rosetta Johnson as an additional plaintiff.

On May 21, 1992, defendant sent a letter to the Court indicating that he no longer wished to pursue his counterclaims for reformation and foreclosure. Thus, the only counterclaim remaining is for money judgment.

Plaintiffs suggest in their pleadings that the second mortgage is invalid based on the doctrine of merger. This argument is premised on the fact that the document incorrectly names plaintiffs as the mortgagees and debtors as the mortgagors. In addition, plaintiffs contend that the debt under the second mortgage has been extinguished based on business transactions with the debtors.

*Conclusions of Law*

Section 541, which defines what property is included in the bankruptcy estate, provides in relevant part:

(a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all of the following property, wherever located and by whomever held:

(1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

The legislative history notes that the scope of the section is broad and is intended to "bring anything of value that the debtors have into the estate." H.R.Rep. No. 595, 95th Cong., 1st Sess. 176 (1977). U.S.Code Cong. & Admin.News pp. 5787, 6136.

After the filing, plaintiffs intermittently made payments to defendant referring to the debt in two separate communications as a "second mortgage." In addition, enclosed with several of the payments were "memorandums" reciting the running balance on the debt. Accordingly, plaintiffs' post-petition actions indicate that they recognized the validity of the debt they owed to debtors under the second mortgage.

Although the second mortgage was not well drawn and does not include a provision for default, an acceleration clause, or a payment schedule, it does confirm a debt owed by plaintiffs to debtors. As such, the debt was an asset of the debtors that became property of the bankruptcy estate upon the filing of the chapter 7 petition.

The evidence indicates that from June, 1987, through February 8, 1990, plaintiffs

made payments totaling $1,561.00 on the original $6,800.00 debt, thus leaving a balance of $5,239.00. The second mortgage document provided for interest at the rate of seven percent. Accordingly, $825.14 accrued in interest from the date of the filing. Consequently, defendant is entitled to a money judgment against plaintiffs for $6,064.14.